# United States Court of Appeals
### For The District of Columbia Circuit
_____

**No. 14-7016**                                           **September Term, 2014**

1:13-cv-01418-BAH

Filed On: October 7, 2014 [1515924]

Terrylyn McCain,

       Appellant

    v.

Bank of America N.A., et al.,

       Appellees

**O R D E R**

It appearing that this case might be suitable for disposition without oral argument, see Fed. R. App. P. 34(a)(2) and D.C. Cir. Rule 34(j), it is

**ORDERED**, on the court's own motion, that the following briefing schedule will apply in this case:

| | |
|---|---|
| Appellant's Brief | November 26, 2014 |
| Appendix | November 26, 2014 |
| Appellees' Joint Brief (not to exceed 14,000 words) | December 29, 2014 |
| Appellant's Reply Brief | January 12, 2015 |

This order does not preclude the court, after examining the briefs, from setting this case for oral argument. If the court resolves to decide the case without oral argument, an order will be issued disclosing the panel prior to issuance of a decision on the merits. All parties should include the following phrase on any subsequent pleading or brief filed in this case: "CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO RULE 34(j) OF THE COURT'S RULES."

All issues and arguments must be raised by appellant in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief. To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Procedures 41 (2013); Notice

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 14-7016**                                                                                      **September Term, 2014**

[Regarding Use of Acronyms](#) (D.C. Cir. Jan. 26, 2010).

      A request for appointment of counsel does not relieve appellant of the obligation to file responses to any motion filed by appellees or to comply with any order issued by the court, including a briefing schedule. Failure by appellant to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the case for lack of prosecution. <u>See</u> D.C. Cir. Rule 38.

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. <u>See</u> Fed. R. App. P. 25(a).

      The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested, and by first class mail.

                                               **FOR THE COURT:**
                                               Mark J. Langer, Clerk

                          BY:    /s/
                                   Lynda M. Flippin
                                   Deputy Clerk